**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT JEFFRY FEIGER, <br><br> Petitioner - Appellant, <br><br> v. <br><br> RODERICK Q. HICKMAN and EDMUND G. BROWN JR., Attorney General,[*] <br><br> Respondents - Appellees. | No. 08-56495 <br><br> D.C. No. 3:05-cv-01754-L-PCL <br><br> MEMORANDUM[**] |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, Senior District Judge, Presiding

Submitted December 9, 2010[***]
Pasadena, California

Before: TROTT, WARDLAW, and IKUTA, Circuit Judges.

---

[*]    Edmund G. Brown Jr., is substituted for his predecessor, Bill Lockyer, as Attorney General of California.  Fed. R. App. P. 43(c)(2).

[**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court did not err in denying Feiger's petition and his demand for an evidentiary hearing, because Feiger did not allege facts which, if proved, would entitle him to relief under AEDPA. *Townsend v. Sain*, 372 U.S. 293, 312 (1963), *overruled in part on other grounds by Keeney v. Tamayo-Reyes*, 504 U.S. 1, 5 (1992); *West v. Ryan*, 608 F.3d 477, 485 (9th Cir. 2010). Specifically, Feiger failed to identify any clearly established Supreme Court precedent holding that inferences jurors draw from testimony by trial witnesses are within the class of "extraneous" influences that necessitate an evidentiary hearing or reversal of a conviction. *See Tanner v. United States*, 483 U.S. 107, 117–18 (1987); *Remmer v. United States*, 347 U.S. 227, 229 (1954). For the same reason, the state court's determination that Feiger was not entitled to an evidentiary hearing was not an unreasonable application of Supreme Court precedent. Further, "[c]learly established federal law, as determined by the Supreme Court, does not require state or federal courts to hold a hearing every time a claim of juror bias is raised." *Tracey v. Palmateer*, 341 F.3d 1037, 1045 (9th Cir. 2003).

**AFFIRMED.**